IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DEPYPER and KATE MILASHUS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ROUNDY'S SUPERMARKETS INC. and ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S,<br><br>Defendants. | Case No. 1:20-cv-02317<br><br>Judge Matthew F. Kennelly |
| and | |
| SHERIE PLETSCH, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDY'S SUPERMARKETS INC. and ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S,<br><br>Defendants. | Case No. 1:22-cv-02084<br><br>Judge Matthew F. Kennelly |
| and | |
| KRISTIN GOWER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDY'S SUPERMARKETS INC. and ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S,<br><br>Defendants. | Case No. 1:24-cv-09346<br><br>Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Pursuant to the Court's May 4, 2025 Minute Entry in the *DePyper* case (Dkt. No. 183) after re-assignment of the above-captioned three cases from Judge Rowland, the parties, through their undersigned counsel, submit the following Joint Status Report:

A. A Brief Summary Of The Claims And Defenses In Each Case

Plaintiffs in the three above-captioned related cases allege collective and class action claims that Defendants misclassified as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") five specific salary-paid Mariano's grocery store perishables department manager positions: Bakery Managers and Meat Managers in *DePyper*; Deli Managers and Hot Foods Managers in *Pletsch*; and Produce Managers in *Gower*. Defendant contends the positions satisfy the executive and administrative exemptions under applicable overtime laws.

B. Any Existing Discovery And Pretrial Schedules Or Deadlines

*1. DePyper and Pletsch cases*

All fact discovery has been completed in the *DePyper* and *Pletsch* cases. The Court set the post-discovery sequencing of the *DePyper* and *Pletsch* cases to proceed first through briefing motions for class/collective certification/decertification (*DePyper*, (ECF No. 155); *Pletsch*, (ECF No. 117)), after which the parties will engage with the Court in setting a schedule for summary judgment/pre-trial proceedings. As explained further below, because of pending FLSA collective final certification/decertification and Illinois class certification motions, there are no further deadlines set in the *DePyper* and *Pletsch* cases. In *DePyper* and *Pletch* if the Court certifies a class action and/or does not certify the collective, the only additional discovery would be for Defendants to produce an updated class list and the class's and opt-ins' payroll data to the

present day to permit complete damage calculations for settlement purposes and, if necessary, for trial (as well as permit reports/discovery once those calculations can be made).

*2. Gower case*

This case is currently stayed pending a decision in *Richards v. Eli Lilly Co.*, 24-8017, in which the Seventh Circuit will rule on the standard to be applied for conditional certification under Section 216(b) of the Fair Labor Standards Act. As such, there are no pending discovery or pretrial deadlines. Prior to the Court granting the stay, Plaintiff filed a pre-discovery motion seeking conditional certification of a collective of Produce Managers. Defendants have not yet responded to the motion due to entry of the stay. After *Richards* is decided, the parties propose they meet and confer on whether the present motion should proceed as is, be withdrawn, or refiled and any further steps necessary to be taken in light of *Richards* and will file a proposed joint report with the Court within 14 days of the date *Richards* is decided.

C. Identification (By Case And Docket Number) Of Any Previous Rulings Of Significance

*1. DePyper and Pletch cases*

On July 27, 2020, the Court in *DePyper* denied Defendants' request to conduct discovery before responding to Plaintiffs' filed motion for conditional certification, ordering that conditional certification "will be decided prior to any discovery taking place." *DePyper*, No. 1:20-cv-02317 (ECF No. 30). On November 9, 2020, the Court granted Plaintiffs' motion to conditionally certify a collective of Meat and Bakery Managers in *DePyper*. No. 1:20-cv-02317 (ECF No. 37). On June 24, 2022, the Court granted the parties' stipulation to conditional certification of a collective of Deli and Hot Foods Managers in *Pletch*, No. 1:22-cv-02084 (ECF 24). Both notice and opt-in periods concluded and the cases then proceeded to complete fact discovery.

The Court issued a number of discovery rulings, including representative opt-in and ESI discovery, in the course of the *DePyper* and *Pletsch* actions. *See DePyper,* No. 1:20-cv-02317 (ECF Nos. 58, 111, 116, 125, 132, and 143); *Pletsch*, No. 1:22-cv-02084 (ECF Nos. 73, 77, 86, 94, and 105).

*2. Gower case*

As noted, in *Gower*, the Court has stayed the case pending the Seventh Circuit's decision in *Richards v. Eli Lilly & Co.*, 24-8017. In light of that stay, the Court ordered equitable tolling of the class/collective claims in *Gower* effective beginning January 28, 2025, until further order of the Court. *Gower*, No. 1:24-cv-09346 (ECF No. 22).

D. Identification (By Case And Docket Number) Of Any Pending Motions And Supporting Memoranda

*1. DePyper and Pletsch cases*

In *DePyper* and *Pletsch*, Plaintiffs' Motion for Final FLSA Collective Certification and Rule 23 Certification of an Illinois Class (*DePyper,* No. 1:20-cv-02317 (ECF No. 172); *Pletsch,* No. 1:22-cv-02084 (ECF No. 134), and Defendants' Motion to Decertify FLSA Collective Actions (*DePyper*, No. 1:20-cv-02317 (ECF Nos. 169-170); *Pletsch,* No. 1:22-cv-02084 (ECF Nos. 131-132) have been fully briefed and pending decision since reply briefs were filed on March 17, 2025.

*2. Gower case*

In *Gower*, on January 23, 2025, Plaintiff filed a Motion for Notice and Conditional Certification Under 29 U.S.C. § 216(b). *Gower,* No. 1:24-cv-09346 (ECF No. 20). That Motion was stayed as part of the Court's stay and equitable tolling ordered on January 28, 2025. *Gower,* No. 1:24-cv-09346 (ECF No. 22).

E. A Summary Of The History Of Settlement Discussions

In early 2022, in *DePyper,* the parties requested a settlement conference before Magistrate Judge Cummings. That settlement conference was scheduled for March 9, 2022. After exchanging settlement letters pursuant to Mag. Judge Cummings' Standing Order, and conversations between counsel regarding the same, it became clear to the parties that the mediation would not be productive because the two sides could not agree on whether mediation would be limited to the named and opt-in Plaintiffs or whether it would proceed on a full collective/class basis. Thus, the parties canceled the settlement conference.

Although the parties have subsequently conducted discussions in principle regarding the potential for mediation of the *Pletsch, DePyper* and *Gower*[1] cases, the same impediment to mediation arose and remains. The parties jointly represented to Judge Rowland in response to questioning at hearings that the parties believe the *DePyper* and *Pletsch* cases have the best chance of being settled at mediation only after the Court rules on the pending FLSA final certification/decertification and Illinois class certification motions, which will determine the scope of the cases going forward. The parties represented to Judge Rowland then, and represent to the Court again now, that the parties request an opportunity to evaluate potential settlement by mediation after the Court decides the pending class/collective certification motions in *DePyper* and *Pletsch*, before the case proceeds to the summary judgment/pre-trial conference stage.

F. Any Other Matter That Any Party Wishes to Bring to the Court's Attention

Although the Court found that *Gower* was related to *DePyper/Pletsch* for purposes of reassignment, *Gower* was not consolidated with those cases so as to not cause any delay in those

[1] The parties agree that the *DePyper* and *Pletsch* case claims could likely be addressed together in the same mediation after the Court rules on pending class/collective motions, but to date Defendant has not agreed that the *Gower* case claims should be included in any such discussion of resolving the *DePyper* and *Pletsch* case claims. The parties continue to consider that issue.

cases which were in an advanced posture after having been litigated for four and two years longer, respectively.

In *DePyper* and *Pletsch,* after the Court decides the pending class/collective certification motions, and after any period the Court allows for the parties to evaluate potential case resolution after those rulings, the parties will move forward with setting summary judgment and/or pre-trial dates. In *Gower,* the Seventh Circuit's decision in *Richards* may affect the parties' positions concerning conditional certification briefing and discovery going forward. If, for instance, the Seventh Circuit adopts the two-step *Lusardi* approach, the parties may resume pre-discovery conditional certification briefing with Defendants' opposition briefing after the stay ends, and then proceed to representative discovery after the close of the opt-in period (if the Court orders issuance of opt-in Notice) or a ruling denying issuance of opt-in Notice. If, however, the Seventh Circuit adopts the standards adopted by the Fifth Circuit in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021) or the Sixth Circuit in *Clark v. A&L Home Care and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), or a similar standard, then Defendants will likely seek discovery prior to any briefing on conditional certification. The Parties disagree as to whether pre-conditional certification discovery will be necessary and will raise that issue before the Court if it becomes necessary.

*DePyper* and *Pletsch* will provide a model for the *Gower* case to proceed. Given the Court's prior holdings in the *Kujat*[2], *DePyper* and *Pletsch* cases regarding conditional certification notice procedures, if applicable, discovery and procedures, and other discovery disputes, as well as any

[2] *Gower* is, in fact, the fourth case filed by Mariano's grocery store department managers – in which the parties were represented by the same law firms -- in a series of cases alleging misclassification of those department manager-level positions at Mariano's grocery stores. The first case filed on behalf of Replenishment Managers, *Kujat v. Roundy's Supermarkets Inc., et al,* No. 18-CV-05326 (N.D. Ill.), was pending before the Honorable Mary M. Rowland when it was resolved by Court approved settlement. The two other cases are *DePyper and Pletsch.*

future rulings in *DePyper* and *Pletsch*, those cases will guide the parties and likely serve to alleviate some of the same disputes from occurring in *Gower.*

This 8th day of May, 2025.

Respectfully submitted,

*/s/ Bethany A. Hilbert*
C. Andrew Head (IL 6318974)
Bethany Hilbert (IL 6280213)
Head Law Firm, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com
bhilbert@headlawfirm.com

Christopher M. Timmel*
Seth R. Lesser*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
Email: christopher.timmel@klafterlesser.com
seth@klafterlesser.com

*admitted *pro hac vice*
*Attorneys for Plaintiffs and the Class/Collective*

*/s/ Andrew D. Welker*
Andrew D. Welker
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Tel: (312) 787-4949
Fax: (312) 787-4995
Andrew.welker@jacksonlewis.com

Allan S. Rubin

JACKSON LEWIS P.C.
2000 Town Center, Suite 1650
Southfield, MI 48075
Allan.rubin@jacksonlewis.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of May, 2025, a copy of the foregoing **Joint Status Report** was filed electronically with the Clerk of Court using the CM/ECF system, which provided electronic service to all parties.

*/s/ Andrew D. Welker*